UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMELIA D.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:19-cv-04552-JDE <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Amelia D. ("Plaintiff") filed a Complaint on May 24, 2019, seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on January 14, 2020. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Andrew Saul, now Commissioner of the Social Security Administration, is substituted as defendant for Nancy A. Berryhill. See Fed. R. Civ. P. 25(d).

## I.
## BACKGROUND

Plaintiff applied for DIB and SSI on January 29, 2016, alleging disability commencing on July 25, 2015. Administrative Record ("AR") 70-71, 193-99. On May 22, 2018, after her applications were denied initially (AR 48-71) and on reconsideration (AR 72-95), Plaintiff, represented by counsel, testified before an Administrative Law Judge ("ALJ"), as did a vocational expert ("VE"). AR 28-47.

On June 13, 2018, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 10-18. The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date and had severe impairments of rheumatoid arthritis and right knee tenderness. AR 12-13. The ALJ also found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and had the residual functional capacity ("RFC") to perform the full range of medium work,[3] and alternatively, a full range of light work.[4] AR 15.

The ALJ further found that Plaintiff was capable of performing past relevant work as a fast food clerk (DOT #: 313.374-010), sandwich maker

---

[3] "Medium work" "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

[4] "Light work" is defined as
lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
20 C.F.R. §§ 404.1567(b), 416.967(b).

(DOT#: 317.664-010), and housekeeper (DOT#: 313.687-014). AR 16-17. The ALJ also alternatively found that there were "other jobs" existing in the national economy that Plaintiff was able to perform. Considering her age, education, work experience, and RFC, the ALJ concluded that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including: pantry cook (DOT#: 317.684-014) and short order cook (DOT#: 313.374-014). AR 17-18. Thus, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act, from the alleged onset date of July 25, 2015, through the date of the decision. AR 18. Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the agency's final decision. AR 1-3.

## II.

## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of

the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110. First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the listed impairments set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015) (as amended). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

4

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at each of steps one through four to show she is disabled, or she meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at step five, the ALJ has a limited burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

The parties present one disputed issue: whether the ALJ properly considered Plaintiff's subjective symptom testimony. Jt. Stip. at 4.

### A. Applicable Law

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must

provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity" of the symptoms. Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). But if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Finally, the ALJ's credibility finding may be upheld even if not all the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

**B. Analysis**

At the May 2018 hearing, Plaintiff testified that she recently had surgery to remove a cyst, and had some pain from the surgery. AR 33-34. She stated that her physician has also recommended surgery for carpal tunnel in her left hand because she had "bad pains," could not hold anything heavy, had had surgery on her right hand, which helped, but she still could not hold anything heavy with that hand. AR 35-36. She described taking medication that helped control the pain. AR 36-37. Plaintiff also testified that she had arthritis, pain in her knees and ankles, did physical therapy, but stopped following surgery for a cyst. AR 37, 41. She advised her physician recommended shots for her knees and ankles, but she was still thinking about it. AR 41. She stated she otherwise took medication to control the pain and reduce inflammation, though the medication caused stomachaches. AR 41-42.

Plaintiff indicated she was seeing a speech pathologist for Bell's Palsy as her face was "still crooked." AR 40. She stated Bell's Palsy caused dry eyes,

6

headaches, and dizziness. AR 40. She described having suffered from depression in the past, which had been treated with medication. AR 42.

      The ALJ considered Plaintiff's subjective complaints and found her medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements "concerning the intensity, persistence[,] and limiting effects of these symptoms" were "not entirely consistent with the medical evidence and other evidence in the record." The ALJ discounted Plaintiff's subjective symptom testimony for the following reasons: (1) an examining physician believed Plaintiff was exaggerating her pain symptoms; (2) Plaintiff's symptoms were being effectively controlled by medication; and (3) lack of objective medical evidence. AR 16.

      First, the ALJ found that at least one examining physician believed Plaintiff was exaggerating her pain symptoms, "presumably with the goal of secondary gain in efforts to receive Social Security disability benefits." AR 16. Dr. Barbara E. Weiss conducted a comprehensive internal medicine evaluation on May 1, 2016. AR 509-14. Plaintiff reported that she had arthritis in her knees, hands, wrists, elbows, and feet, causing pain. AR 509. She claimed it was painful to stretch, sit, put on socks, and stand up for long periods of time. She stated that she was able to bathe and dress herself, toilet by herself, feed herself, prepare meals, wash dishes and put them away, load and unload the dishwasher, do laundry, shop, drive, vacuum, mop, sweep, and wipe the counters. She described watching an hour of television a day, talking on the phone, and socializing with family. Id. During the examination, Dr. Weiss noted that Plaintiff was able to walk into the examination room without difficulty with her left foot slightly pigeon-toed and moved her right arm less than usual, but otherwise her gait was normal. She noted that Plaintiff was able to sit comfortably and get in and out of the chair and examination table without difficulty. She could pick up and manipulate small objects, take her

shoes on and off, and was otherwise alert, cooperative, and could follow instructions. She observed no discomfort when Plaintiff changed positions. She found, however, that Plaintiff "displayed exaggerated facial and verbal expressions of pain no matter where she was touched all over her body, which were in contrast to her movements about the room and activities of daily living." AR 510. The ALJ properly considered Dr. Weiss's finding that Plaintiff exaggerated her symptoms as a clear and convincing reason for discounting her subjective testimony. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (exaggeration was a specific and convincing reason to support the ALJ's credibility determination where a claimant was "uncooperative during cognitive testing" but "'much better' when giving reasons for being unable to work"); Uchanski v. Berryhill, 2018 WL 3078551, at *5 (C.D. Cal. June 19, 2018) (finding that the ALJ properly considered plaintiff's exaggerated responses as a clear and convincing reason for his adverse credibility finding).

    Next, the ALJ found that Plaintiff's rheumatoid arthritis was controlled with medication. AR 16. The ALJ was entitled to discount Plaintiff's subjective symptoms based on her positive response to treatment. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (plaintiff's "response to conservative treatment undermines [his] reports regarding the disabling nature of his pain"); Uchanski, 2018 WL 3078551, at *5 ("The fact that Plaintiff's pain was addressed by medication alone (without surgery or injections) provided another valid basis for discounting Plaintiff's credibility."); see also Marsh v. Colvin, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (finding that plaintiff's treatment was "routine and conservative" was a permissible basis for discounting the credibility of plaintiff's symptom testimony); Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling").

The ALJ noted Plaintiff testified she took medications to control pain and inflammation from rheumatoid arthritis, and her treating physician Dr. Javeed Ahmed reported that her condition was "very well controlled" within a couple months of starting methotrexate. AR 16. Medical records reflect she began treatment with Dr. Ahmed for rheumatoid arthritis in May 2017. AR 548-49. The following month, Dr. Ahmed reported Plaintiff was "responding to medication very well" and was "feeling much better." AR 551-52. In August 2017, Dr. Ahmed again reported Plaintiff's rheumatoid arthritis was "very well controlled" and she was to continue her regime of methotrexate and folic acid. Dr. Ahmed noted Plaintiff had "mild swelling" in both ankles due to osteoarthritis and recommended considering a steroid injection if the pain continued to bother her. AR 555. Plaintiff's podiatrist similarly recommended a cortisone injection for her ankle pain related to rheumatoid arthritis. See AR 580 (advising Plaintiff to change her shoes and recommending cortisone injection if no improvement), 583 (recommending injection). In December 2018, Dr. Ahmed again reported that Plaintiff's rheumatoid arthritis was "very well controlled" with medication. AR 558. Plaintiff was seen by Nurse Practitioner Jake Carpenter at the end of January 2018, at which time Carpenter found that Plaintiff's ankle swelling was stable. AR 576. In addition, at the hearing, Plaintiff testified that medication controlled the pain and inflammation, and although shots have been recommended, Plaintiff had not pursued this treatment, without explanation. AR 41. Despite alleging disabling pain, Plaintiff has only pursued conservative treatment, and refused to follow the treatment recommendations for steroid injections. The ALJ's finding regarding Plaintiff's positive response to medication was a clear and convincing reason to discount Plaintiff's statements of a disabling impairment.

Finally, the ALJ discounted Plaintiff's subjective symptom testimony because it was not supported by objective medical evidence. AR 16. "Although

lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins, 261 F.3d at 857. The ALJ cited the inconsistency between Plaintiff's claim of disability based on the combination of swelling ankles, rheumatoid arthritis, and carpal tunnel and the lack of objective medical evidence supporting Plaintiff's latter claim. The ALJ noted that the objective medical evidence for carpal tunnel was "very slim and sparse, including essentially a reported right hand release in 2004 and the claimant's current report that she needs a left hand release, but without definite plan of a date." AR 16. There are very few objective medical findings supporting Plaintiff claim that she has carpal tunnel in her left hand, and none indicating surgery was necessary. Although Plaintiff disputes the ALJ's finding that the evidence is slim, Plaintiff herself cites only two records in support of her contention, one reflecting tenderness in the left wrist due to "Dequarian" (De Quervain's) tenosynovitis (AR 558) and another reflecting a positive Tinsel's sign (AR 576). Jt. Stip. at 9-10. The records otherwise show "mild degenerative changes" (AR 335) and minimal medical treatment for left wrist pain. A steroid injection was recommended, which Plaintiff refused (AR 557-58), and she was referred to neurology, which, it appears, she never pursued (AR 576). The "case law is clear that if a claimant complains about disabling pain but fails to seek treatment . . . an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007); Burch, 400 F.3d at 681 ("ALJ is permitted to consider lack of treatment in his credibility determination"). The ALJ's determination is supported by the record.

Similarly, the ALJ discounted Plaintiff's subjective complaints of dry eyes, headaches, and dizziness caused by Bell's Palsy because the record did not document significant ongoing limitations persisting for twelve continuous

10

months that could be objectively attributed to Plaintiff's Bell's Palsy. AR 16. Plaintiff does not dispute this finding, which is supported by the record. Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (plaintiff waived issues not raised before the district court); Owens v. Colvin, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (plaintiff's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's finding).

Relatedly, the ALJ noted that there was no medical evidence regarding any mental health treatment for Plaintiff's reported anxiety. AR 16. Again, this finding is supported by the record, and Plaintiff fails to point to any objective evidence refuting the ALJ's finding. At the administrative hearing, Plaintiff was asked whether she was receiving psychological treatment, including for depression, and Plaintiff answered that she has never received mental health treatment and "they just give [her] medication for that," which helped. AR 42.

Plaintiff also addresses the ALJ's discussion of the lack of recent x-rays regarding her ankle pain. Jt. Stip. at 10 (citing AR 16). It is unclear whether the ALJ relied on this finding as a basis for discounting Plaintiff's allegations of pain. Although the ALJ stated that the only reported x-ray findings for Plaintiff's ankles had been narrowed joint spaces in 2016 and that as of December 8, 2017, Plaintiff's physician did not recommend new ones (AR 16), as the ALJ noted elsewhere in his decision, Dr. Ahmed did recommend that x-rays be taken of both ankles in August 2017. AR 14, 555. In any event, even if the ALJ erred by relying on the lack of x-rays, if other "substantial evidence supporting the ALJ's conclusions" exists and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," any error is harmless and does not warrant reversal. Batson, 359 F.3d at 1197; Uchanski, 2018 WL 3078551, at *5 (improper finding was harmless because "of the other clear and convincing reasons" supporting the ALJ's adverse credibility conclusion). As

the ALJ had at least three other proper bases for discounting Plaintiff's subjective complaints, any error in relying on this reason was harmless.

Contrary to Plaintiff's contention that the ALJ failed to "articulate sufficient reasons for rejecting" her subjective symptom testimony (Jt. Stip. at 11), the ALJ provided at least three clear and convicting reasons supporting his determination. The Court finds that the ALJ's reasons for discounting Plaintiff's subjective complaints are sufficiently specific, clear, and convincing enough to support his determination. Accordingly, reversal is not warranted.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: January 28, 2020

_____
JOHN D. EARLY
United States Magistrate Judge